Filed 7/22/22  P. v. Scott CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315975 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148089) |
| v. | |
| DEMISHA MICHELE SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael J. Shultz, Judge.  Reversed and remanded with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Demisha Scott appeals the summary denial of a petition for resentencing under Penal Code[1] section 1172.6 (former § 1170.95).[2]

Appellant was charged by felony complaint filed January 31, 2019, with the murder of Victor Waters on January 28, 2019. (§ 187, subd. (a); count 1.) In connection with the murder, the complaint further alleged that appellant personally used a deadly and dangerous weapon—a knife (§ 12022, subd. (b)(1)), and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). Appellant was also charged with assault with a deadly weapon—a knife—against Victor Waters. (§ 245, subd. (a)(1); count 2.)

On August 28, 2019, before any preliminary hearing was conducted, the parties negotiated a plea. Pursuant to the plea, the People moved to amend the felony complaint to add one count of voluntary manslaughter. (§ 192, subd. (a); count 3.) With the understanding that the other charges and enhancements would be dismissed at sentencing, appellant pleaded no contest to count 3, voluntary manslaughter. Appellant stipulated to a factual basis for the plea pursuant to the police reports, but the reports are not in the record.[3] Appellant was sentenced on October 4, 2019 to the agreed term of 11 years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] The appellate record also lacks a probation officer's report, which was not ordered by the trial court.

2

Counts 1 and 2, for murder and assault with a deadly weapon, along with the enhancement allegations, were dismissed.

Appellant filed a petition for resentencing and request for appointment of counsel pursuant to section 1172.6 on September 10, 2021. Without appointing counsel, the superior court summarily denied the petition on September 16, 2021, on the ground that appellant was convicted of manslaughter, not murder. On October 27, 2021, appellant filed a timely notice of appeal.

While this appeal was pending, Senate Bill No. 775 was enacted and became effective on January 1, 2022. (Sen. Bill No. 775, Stats. 2021, ch. 551.) The new legislation expanded section 1172.6's scope to allow a person who was "convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine" to petition the court for relief under former section 1170.95 (now § 1172.6). (Sen. Bill No. 775, Stats. 2021, ch. 551, § 1, subd. (a).) Appellant contends that because her plea to manslaughter is no longer a barrier to relief under section 1172.6, the matter should be remanded for the trial court to appoint counsel, issue an order to show cause, and conduct further proceedings under section 1172.6, subdivision (d). We agree.

## DISCUSSION

### A. *Applicable legal principles*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830,

3

842–843 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)  With one narrow exception (where the victim was a peace officer killed in the performance of duty and the defendant knew or reasonably should have known that fact (§ 189, subd. (f)), Senate Bill No. 1437 effectively eliminates murder convictions premised on any theory of vicarious liability—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine— unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life.  (§ 189, subd. (e) [requiring that participant in specified felony during which a death occurs may be convicted of murder only if he or she was the actual killer, an aider and abettor who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life]; § 188, subd. (a)(3) [amending the natural and probable consequences doctrine to require that all principals act with express or implied malice to be convicted of murder (with the exception of felony murder under § 189, subd. (e))]; *Gentile*, *supra*, 10 Cal.5th at pp. 842–843.)

The legislation also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959, 971 (*Lewis*)); *Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)  A defendant convicted of murder, attempted murder, or manslaughter may file a petition under section 1172.6 to have her conviction vacated

4

and be resentenced, if she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

When a petition for resentencing under section 1172.6 meets the basic requirements set forth in subdivision (b)(1) and (b)(2), the superior court must appoint counsel for petitioner if requested (§ 1172.6, subd. (b)(3)), obtain briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief (*id.*, subd. (c)). "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*; *Lewis, supra*, 11 Cal.5th at p. 960.) Our Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).)" (*Lewis, supra*, 11 Cal.5th at p. 971.)

As *Lewis* explained, " '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.) But the high court cautioned that the superior court "should not engage in

'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, at p. 972.)

Nevertheless, the superior court may deny a petition if the record demonstrates the petitioner is ineligible for resentencing as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 966, 972, fn. 6.) In the context of a guilty plea, "a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017–2018 Reg. Sess.)." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*); see § 1172.6, subd. (a)(1)–(3).) However, "[o]nly where the record of conviction contains facts *conclusively* refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner." (*Flores*, at p. 991, citing *Lewis*, *supra*, 11 Cal.5th at p. 971.)

B. *The record in this case does not demonstrate as a matter of law that appellant is ineligible for relief*

Respondent agrees that appellant's plea to manslaughter is no longer a barrier to relief under section 1172.6, but contends that appellant is still ineligible for relief as a matter of law because she was specifically charged as the actual killer. "By charging appellant with personally committing the killing," respondent asserts, "the prosecution elected to remove any theory

6

of liability imputing malice." According to respondent, the failure to appoint counsel thus constituted harmless error, and the superior court's denial of the petition—albeit for the wrong reason—should be affirmed. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 [" ' "a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason" ' "].) We disagree.

The record in this case contains no facts whatsoever about the circumstances of the victim's death. There was no preliminary hearing. There is no probation report. Appellant stipulated to a factual basis for her plea to voluntary manslaughter pursuant to a police report that is not in the record. The plea colloquy lacks any reference to the facts underlying the charged offenses. In short, the record of appellant's conviction contains no facts that cast doubt on the allegations in the petition, much less conclusively refute them, that would permit a prima facie denial of appellant's petition for resentencing under section 1172.6.

The felony complaint charged appellant in count 1 with murder in violation of section 187, subdivision (a), alleging that she "did unlawfully, and with malice aforethought murder VICTOR WATERS, a human being." The Attorney General concedes that this sort of "generic" charge of murder does not limit the prosecution to any particular theories. (*Flores, supra,* 76 Cal.App.5th at p. 987 [generic charge of murder does not exclude any particular theory of murder]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 (*Rivera*) [generically charging murder did not preclude prosecution based on any particular theory of murder]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977–978 (*Eynon*) [same].) And in entering her plea, appellant did not

admit or stipulate to any specific facts that would have precluded prosecution on any particular theory of murder. In short, neither the charge nor the plea in this case excludes appellant from relief under section 1172.6 as a matter of law.

However, the People contend that the two enhancement allegations—that appellant " '*personally* used a deadly and dangerous weapon' " and " '*personally* inflicted great bodily injury upon [the victim]' "—establish appellant's direct participation in the offense as the actual killer. Respondent thus argues that "where, as here, the totality of charges specifically alleged that the defendant was the actual killer with no accomplice, the murder charge is no longer generic because the prosecution could rely only on direct perpetrator or felony murder theories that remain valid." Not so.

An enhancement allegation in a felony complaint or information does not establish its own truth, and certainly does not constrain the prosecution from proceeding on any theory of murder supported by the evidence. (*Eynon, supra*, 68 Cal.App.5th at pp. 975–976; *Rivera, supra*, 62 Cal.App.5th at pp. 233–234 [allegation of special circumstance requiring intent to kill does not preclude prosecution based on natural and probable consequences doctrine].) Indeed, even "[b]eing held to answer on an allegation does not constitute a factual finding that the allegation is true . . . [or yet] a determination that the allegation is supported by substantial evidence." (*Eynon*, at pp. 975–976.)

Here, both enhancements could have been alleged against appellant even if the prosecution were proceeding on a theory of imputed malice involving someone else—not appellant—as the actual killer. For example, appellant and an accomplice, both

8

armed with knives, could have been in a fight with the victim or attempting to rob him when the accomplice stabbed the victim. Under such a scenario, the prosecution might elect (or, if the accomplice is not apprehended, be forced) to charge appellant and the accomplice separately with murder and proceed against appellant on a felony-murder or natural and probable consequences theory. In these circumstances, the People would certainly have the option of charging appellant with the personal use of a deadly weapon enhancement and a personal infliction of great bodily injury enhancement.

Of course, no such facts appear anywhere in the record before us. But neither are there any facts in the record to support respondent's claim that appellant was the actual killer and was necessarily so charged. In short, nothing in the record shows that appellant acted alone or "conclusively establish[es] as a matter of law that [she] was the actual killer, acted with intent to kill or actual malice, or was a major participant in an underlying crime who acted with reckless indifference to human life." (*Flores, supra,* 76 Cal.App.5th at p. 991.) The felony complaint does not preclude the possibility that appellant could have been convicted of murder under a theory of imputed malice that Senate Bill Nos. 775 and 1437 eliminated. To conclude appellant is ineligible for resentencing on this record would require not just judicial factfinding, but judicial speculation, in which neither we nor the superior court may engage. (See *Lewis, supra,* 11 Cal.5th at pp. 971–972.)

We must therefore reverse and remand the matter to the superior court to issue an order to show cause and conduct further proceedings in accordance with section 1172.6,

subdivision (d).  (See *Flores, supra*, 76 Cal.App.5th at pp. 971–972.)  We express no opinion on the merits of the petition.

## DISPOSITION

The superior court's order denying the petition for resentencing is reversed.  On remand, the court shall issue an order to show cause and conduct further proceedings as required under Penal Code section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

10